UNITED STATES DISTRICT COURT
STATE OF RHODE ISLAND

FRANK LEWIS,
 *Plaintiff,*

VS.               C.A. NO:

SHEET METAL WORKERS' NATIONAL
 PENSION FUND,
 *Defendant.*

## COMPLAINT

### Introductory Statement

This action is commenced by the Plaintiff, Frank Lewis (hereinafter Plaintiff) for the denial of pension benefits by the Defendant, Sheet Metal Workers' National Pension Fund (hereinafter Defendant).

### Jurisdiction and Venue

Jurisdiction is invoked pursuant to Section 502 (a) of the Employee Retirement Income Security Act of 1974 (ERISA) as amended.

Venue is proper in the District because Plaintiff is a resident of the State of Rhode Island.

### Parties

1. The Plaintiff, Frank Lewis, is a resident of the City of Providence, County of Providence, State of Rhode Island.

2. The Defendant, Sheet Metal Workers' National Pension Fund, is located at 8403 Arlington Boulevard, Suite 300, Fairfax, VA 22031.

3. Plaintiff is a member of Sheet Metal Workers' Local No 17 and was a member at all material times.

4. Sheet Metal Workers' Local No 17 is and at all material times, located in the State of Rhode Island.

5. The Plaintiff is a veteran of the United States Armed Forces and participated in Iraqi Freedom and is entitled to Veterans Benefits pursuant to the provision of the United States Department of Veterans Affairs.

6. The Defendant provides pension benefits to members of the Sheet Metal Workers' Local Unions.

7. The Plaintiff has 16.9 credit years with the Defendant's and the Plaintiff has a vested interest in the pension

8. The Plaintiff applied to receive his pension benefits pursuant to the Defendant's Pension Fund.

9. The Plaintiff's application for pension benefits included an application for Early Retirement Benefits pursuant to the Defendant's Plan Document.

10. The Plaintiff was awarded a pension by the Defendant but the Defendant provided a postponement of his early retirement benefits.

11. The Plaintiff was employed by General Dynamics Electric Boat from February 14, 2011 to October 4, 2015 and said employment was not included in a Collective Bargaining Agreement with the Sheet Metal Workers' Union.

12. Defendant wrongfully decided that as a result of said employment, Plaintiff's early retirement benefits would be postponed.

13. Prior to his employment with General Dynamics Electric Boat, the Plaintiff was unemployed for a period of three (3) years.

14. During this three (3) year period, the Sheet Metal Workers' failed to find employment for the Plaintiff that was pursuant to a Union's Collective Bargaining Agreement.

15. Other Union members were provided employment pursuant to the Unions Collective Bargaining Agreement and the Plaintiff was qualified for said employment, but was not offered it by the union.

16. Plaintiff took the position at General Dynamics Electric Boat pursuant to a Veterans' Administration program entitled Helmets to Hard Hats. This program is awarded to Iraqie Freedom Veterans who cannot find employment in the building industry.

17. The Plaintiff's position was not pursuant to a Collective Bargaining Agreement but is a Federal benefit provided to a Veteran, and is an exception and/or should be an exception to the standard exclusionary language contained in the plan document.

18. The Plaintiff properly made a claim for said benefits.

19. The Plaintiff exhausted the Plans Administrative appeals process.

20. The Plaintiff is entitled to early retirement benefits and that said benefits should not be postponed.

21. On or about March 9, 2018 the Defendant wrongfully denied the Plaintiff benefits and wrongfully postponed the Plaintiff's receipt of pension benefits.

22. As a result of said denial of pension benefits, the Plaintiff suffered and continues to suffer a loss of benefits.

WHEREFORE, the Plaintiff request that this Honorable Court award the Plaintiff the following:

1. That the Defendant provide the Plaintiff all retroactive pension benefits and all pension benefits.

2. That the Defendant be ordered to provide all pension benefits to the Plaintiff and be ordered not to postpone early retirement benefits.

3. That the Plaintiff be awarded interest and court costs.

4. That the Plaintiff be awarded reasonable attorney's fees.

5. That this Honorable Court grant the Plaintiff such other and further relief it deems meet and just under the circumstances of the case.

Frank Lewis,
By his Attorneys,

HARRY J. HOOPIS, ESQ. #0738
HOOPIS & HOOPIS
33 College Hill Road, Building 5B
Warwick, RI 02886
(401) 823-6266
hoopis@hoopisandhoopis.com
Date:  May 31, 2018

Plaintiff demands a trial by jury for all matters triable by a jury.