UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| FRANK LEWIS,<br>    Plaintiff,<br><br>v.<br><br>SHEET METAL WORKERS'<br>NATIONAL PENSION FUND,<br>    Defendant. | C.A. No. 18-cv-287-JJM-PAS |

## ORDER

Plaintiff Frank Lewis filed this action to challenge an Appeals Committee determination (ECF No. 12-2 at 138-142) approving his application for early retirement benefits by the Sheet Metal Workers' National Pension Fund ("Plan")[1] but subjecting it to delays per the Plan documents. The Plan responded to the Complaint by moving to dismiss. ECF No. 12.

*Facts*

Mr. Lewis was a member of the Sheet Metal Workers' Union, Local 17 ("Union") for many years.[2]  ECF No. 1 at 2, ¶3, 7. From about 2008 until 2011, Mr. Lewis was an unemployed member of the Union. *Id.* at 3, ¶13. He then became "employed by General Dynamics Electric Boat ["Electric Boat"] from February 14, 2011 to October 4, 2015." ECF No. 1 at 2, ¶11. His position with Electric Boat was

---

[1] The Fund is a multiemployer defined benefit pension plan ("Plan") under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C § 1001 et seq. ("ERISA"), is subject to delays under the Plan.

[2] He had earned 16.9 years with the Union. ECF No. 1 at 2, ¶7.

in the sheet metal industry but not under a Collective Bargaining Agreement ("CBA") with the Sheet Metal Workers' Union ("Union") ("noncovered employment'). *Id.* at 2, ¶¶11. The job was provided by a "Veterans' Administration program entitled Helmet to Hard Hats." This program "award[s] to Iraqi[ ] Freedom Veterans" help with work placement in the building industry. *Id.* After his employment with Electric Boat, Mr. Lewis retired.

Mr. Lewis, a participant in the Plan, submitted a claim for pension benefits that included a claim for early retirement benefits. ECF No. 1 at 2, ¶¶8, 9. The Plan approved his claim for pension benefits but postponed his request for early retirement benefits because of his period of noncovered employment. *Id.* at 2, ¶10.

*Standard of Review*

The Court assumes the factual allegations in the Complaint as true for purposes of this motion. *Arruda v. Sears, Roebuck & Co.*, 310 F.3d 13, 18 (1st Cir. 2002). The complaining party must include "factual content [if it wants] the court to draw a reasonable inference" in the pleader's favor. *Katz v. Pershing, LLC*, 672 F.3d 64, 72-73 (1st Cir. 2012).

If an ERISA Plan delegates to the Plan administrator the discretion to construe the Plan and determine eligibility for benefits under its provisions—as it does here—a Court must uphold a decision made under the Plan unless it was "arbitrary, capricious, or an abuse of discretion." *Niebauer v. Crane & Co.*, 783 F.3d 914, 922–23 (1st Cir. 2015). The central question under the arbitrary and capricious standard is whether the decision was reasonable and supported by substantial evidence. See,

2

e.g., *McDonough v. Aetna Life Ins. Co.*, 783 F.3d 374, 379 (1st Cir. 2015). "[T]he question is not which side is right," but whether the Appeals Committee's "decision was reasonable based on the record before it." *Niebauer*, 783 F.3d at 928.

The Court may consider the contents of documents alleged in a complaint for purposes of a motion to dismiss without converting the motion to one for summary judgment when the documents are central to a plaintiff's claims and a plaintiff sufficiently refers to them in the complaint. See *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993) (recognizing the propriety of considering materials outside the complaint, "for documents central to the plaintiffs' claim" and "for documents sufficiently referred to in the complaint").

*Analysis*

The Plan may impose a delay on the start date for early retirement of a Plan participant in some cases. *See* Section 5.06(b) of the Plan.[3] One of those instances occurs if the Plan participant had worked in noncovered employment. The Plan contended that Mr. Lewis' period of noncovered employment–his time working at Electric Boat[4]–required them to delay his early retirement.

---

[3] Section 5.06(b)(1) of the Plan document governs a Delayed Early Retirement Date.
> Except as provided for in paragraph (6) below, for every calendar quarter in which a Participant or Employee, or former Participant or Employee performs at least one hour of employment on or after September 1, 1988 in the Sheet Metal Industry that is not covered by a collective bargaining agreement between the Union and the employer, the early retirement date of said Participant or Employee, or former Participant or Employee will be delayed six (6) months.

[4] Both parties agree that Mr. Lewis' employment at Electric Boat was noncovered employment.

3

Mr. Lewis first alleges that, although his employment with Electric Boat was not under a CBA, his employment was a "Federal benefit" to a veteran, which "is an exception and/or should be an exception to the standard exclusionary language contained in the plan document." ECF No. 1 at 3, ¶17. Mr. Lewis alleges that he "is entitled to early retirement benefits and that said benefits should not be postponed." *Id.* at 3, ¶20. Referring to the disposition of his appeal by the Appeals Committee, [Mr. Lewis] alleges that the Plan "wrongfully denied [Mr. Lewis] benefits and wrongfully postponed Mr. Lewis' receipt of pension benefits." *Id.* at 4, ¶21.

The problem with Mr. Lewis's first argument is that he cites no such exception in the Plan documents–because none exist. Mr. Lewis' argument boils down to a theory that the Plan should have recognized such an exception to the requirement of a delay period imposed on his early retirement benefits because this noncovered employment was sponsored for veterans.[5] Although a laudable program, neither the Plan documents nor the ERISA law allows the Plan to disregard the explicit provisions of the Plan because the participant is a veteran and his employment "is a Federal benefit." *Id.* at 3, ¶17. The Plan thus cannot recognize the exception requested by Mr. Lewis, and neither can this Court.

---

[5] The Appeals Committee found that "there are no provisions in the Plan Document . . . that exempt employment originating from the 'Helmets to Hard Hats' program from treatment as non-signatory employment. Accordingly, the Committee determined that Mr. Lewis' Early Retirement Benefit is subject to the applicable early retirement delays in accordance with Plan Document Section 5.06." ECF No. 12-2 at 138.

In his Complaint in this Court, Mr. Lewis offers a second rationale for why the Plan and now the Court should not delay his retirement. Before his employment with Electric Boat, Mr. Lewis was a member of the Union but remained unemployed for a period of three years. During this three-year period, the Union did not find employment for Mr. Lewis under a Union's CBA. The Union provided other Union members with employment with companies under the Union's CBA and Mr. Lewis was qualified for employment, but the Union did not provide it to him. Mr. Lewis argues that the Plan wrongfully denied him his early retirement benefits by ignoring the fact that the Union did not provide covered employment that would have entitled him to non-delayed early retirement benefits.

The problem with Mr. Lewis' newest rationale is that the Union's alleged failure to find him employment is not a basis for not following the unambiguous language of the Plan documents. Mr. Lewis' complaint—that from 2008 to 2011, the Union did not find him employment, needing him to take the veterans-sponsored nonunion job at Electric Boat—is directed at the Union and has no relevance according to the Plan documents. There is no exception in the Plan documents for noncovered work because the Union did not provide alternative employment.

*Conclusion*

The actions of the Appeals Committee were neither arbitrary nor capricious. There are no plausible allegations that they abused their discretion. The Court GRANTS Defendant's Motion to Dismiss. ECF No. 12.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

February 7, 2019